LYON DEVELOPMENT COMPANY v DEPARTMENT OF
NATURAL RESOURCES

Docket No. 88967. Submitted June 18, 1986, at Lansing. Decided
October 29, 1986.

Plaintiff, Lyon Development Company, brought an action in the
Ingham Circuit Court seeking a declaratory judgment that the
Solid Waste Management Act requires all sites which have
obtained construction permits from the Department of Natural
Resources to be included in a county solid waste management
plan approved by the DNR. The DNR was named as the defen-
dant in the action. The Wayne County Solid Waste Manage-
ment Planning Committee, Wayne County, Huron Township
and the City of Detroit were allowed to intervene in the action.
The facts indicate that plaintiff applied to the DNR for a
construction permit for a sanitary landfill in Huron Township,
Wayne County, before Wayne County had submitted its waste
management plan for DNR approval. The DNR thereafter issued
plaintiff a one-year construction permit for the proposed site.
The construction permit was renewed a year later, at which
time plaintiff was notified that a construction permit would not
guarantee an operating license. Wayne County thereafter sub-
mitted its proposed solid waste management plan to the DNR.
The plan, which did not include plaintiff's Huron Township
site, was thereafter approved. Plaintiff, the DNR, the county and
the township filed motions for summary judgment. The trial
court, Thomas L. Brown, J., issued an opinion holding, as a
matter of law, that plaintiff's site was not entitled to be
included in the county's plan and that the plan need not be
rescinded or amended. Plaintiff's action was therefore dis-
missed. Plaintiff appeals.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Administrative Law §§ 400-403.

Am Jur 2d, Pollution Control, §§ 244 et seq.

Exceptions under 5 USCS § 553(b)(A) and § 553(b)(B) to notice
requirements of Administrative Procedure Act rule making provi-
sions. 45 ALR Fed 12.

See also the annotations in the Index to Annotations under Land-
fills; Pollution.

1. The DNR may approve a county solid waste management plan which does not include a new landfill site, even though the site has been issued a construction permit.

2. The mere existence of a construction permit without some actual construction, as in this case, does not remove plaintiff's proposed site from the rule requiring "new facilities" to comply with the county's plan.

3. Plaintiff's reliance upon an interpretive statement issued by the DNR is insufficient to warrant declaratory relief. Plaintiff's assertion that the interpretive statement has been ratified by legislative acquiescence was found to be unpersuasive.

4. Any property rights associated with a construction permit do not vest until construction is undertaken in reliance upon the permit. Plaintiff did not make any expenditures in reliance on the construction permit until after it was on notice that a construction permit would not guarantee an operating license. Plaintiff has no vested right in its construction permit and no due process violation occurred.

Affirmed.

1. ENVIRONMENT — DISPOSAL AREAS — LICENSES — SOLID WASTE MANAGEMENT PLANS.

The Department of Natural Resources may not issue a license for the operation of a new solid waste management disposal area unless the facility complies with and is consistent with an approved solid waste management plan (MCL 299.430[3]; MSA 13.29[30][3]).

2. ENVIRONMENT — SOLID WASTE MANAGEMENT PLANS — LANDFILLS.

The Department of Natural Resources may approve a county solid waste management plan which does not include a new landfill site, even though the site has been issued a construction permit (MCL 299.410, 299.425[4], 299.429; MSA 13.29[10], 13.29[25][4], 13.29[29]).

3. ENVIRONMENT — SOLID WASTE MANAGEMENT ACT — NEW FACILITIES.

A "new facility" for purposes of the Solid Waste Management Act is a disposal area that is proposed for construction or an expansion, enlargement, or alteration of an existing disposal area beyond the horizontal or vertical boundaries indicated in the construction permit or on engineering plans approved before January 11, 1979 (1982 AACS, R 299.4104[c], MCL 299.401 *et seq.*; MSA 13.29[1] *et seq.*).

4. ADMINISTRATIVE LAW — INTERPRETIVE STATEMENTS — DEPARTMENT
     OF NATURAL RESOURCES.

     Interpretive statements issued by the Department of Natural
.     Resources are not subject to notice and publication require-
     ments under the Administrative Procedures Act; it, therefore,
     cannot reasonably be presumed that the Legislature is aware of
     and acquiesces in such statements (MCL 24.201 *et seq.*; MSA
     3.560[101] *et seq.*).

5. ENVIRONMENT — DISPOSAL AREAS — CONSTRUCTION PERMITS —
     PROPERTY RIGHTS.

     A construction permit for a solid waste management disposal
     area automatically expires after one year from the date of
     issuance if no construction is undertaken; any property rights
     associated with a construction permit do not vest until con-
     struction is undertaken in reliance upon the permit (MCL
     299.412[2]; MSA 13.29[12][2]).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by
*James W. Collier* and *Mark G. Hess*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Thomas J. Emery*
and *Kevin T. Smith,* Assistant Attorneys General,
for defendant.

*John D. O'Hair,* Wayne County Corporation
Counsel, and *Glen H. Downs,* Assistant Corpora-
tion Counsel, for Wayne County Solid Waste Man-
agement Planning Committee and Wayne County.

*Raymond, Rupp, Wienberg, Stone & Zuckerman,
P.C.* (by *Thomas G. Plunkett* and *Ellen M. Tick-
ner*), for Huron Township.

Before: SHEPHERD, P.J., and J. H. GILLIS and
MACKENZIE, JJ.

PER CURIAM. Plaintiff appeals as of right from
an opinion and order granting defendant's and
intervenors Wayne County and Huron Township's
motion for summary disposition pursuant to MCR
2.116(C)(10). We affirm.

This case involves plaintiff's proposed development of a Type-II sanitary landfill in Huron Township, Wayne County. Such waste disposal sites are regulated by the Department of Natural Resources pursuant to the Solid Waste Management Act, MCL 299.401 *et seq.*; MSA 13.29(1) *et seq.* The act has both a planning and a licensure component. The act requires the issuance of a construction permit by the DNR before landfills may be built, MCL 299.410; MSA 13.29(10), and provides that, once constructed, landfills must be licensed by the DNR to operate, MCL 299.413; MSA 13.29(13). In addition, the act provides that counties must prepare a solid waste management plan, MCL 299.425(4); MSA 13.29(25)(4), which must be approved by the DNR, MCL 299.429; MSA 13.29(29). The DNR may not issue a license for the operation of a new solid waste management disposal area unless the facility complies with and is consistent with an approved solid waste management plan. MCL 299.430(3); MSA 13.29(30)(3).

In this case, plaintiff applied to the DNR for a construction permit for the Huron Township site before Wayne County had submitted its waste management plan for DNR approval. In connection with this application, plaintiff retained the services of certain consultants to conduct hydrogeological studies and to prepare site plans. The DNR eventually issued plaintiff a one-year construction permit for the proposed site on December 13, 1982.

Plaintiff's construction permit was renewed on December 16, 1983, and included the following:

> You are further advised that the issuance of this construction permit does not assure your receipt of an operating license for this facility if the facility is not included in the approved County Solid Waste Management Plan. You are cautioned in

light of the foregoing, that expenditures and actions should only be undertaken if the site is included in the aforesaid plan. Otherwise an operating license will not be issuable, notwithstanding any construction undertaken.

By letter plaintiff advised the DNR that it disagreed with this condition, but did not take any action on the matter.

On October 11, 1984, Wayne County submitted to the DNR its proposed solid waste management plan. The plan, which did not include plaintiff's Huron Township site, was approved by the DNR one month later.

The present case was initiated by a complaint filed on October 12, 1984, and amended on October 29, 1984, after the Wayne County Solid Waste Management Planning Committee, Wayne County, Huron Township and the City of Detroit were allowed to intervene. In the amended complaint, plaintiff sought, inter alia, a declaratory judgment that the Solid Waste Management Act requires all sites which have obtained construction permits from the DNR to be included in a county solid waste management plan approved by the DNR. Plaintiff thereafter filed a motion for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). The DNR, the county, and the township responded by requesting that summary judgment of dismissal be entered against plaintiff. On October 16, 1985, the court issued an opinion holding, as a matter of law, that plaintiff was not entitled to be included in the Wayne County plan and that the plan need not be rescinded or amended. Accordingly, plaintiff's cause was dismissed.

On appeal, as below, plaintiff contends that, under the Solid Waste Management Act, a landfill

site which has been issued a construction permit by the DNR must be included in a county solid waste management plan. We disagree and hold that the DNR may approve a county solid waste management plan which does not include a new landfill site, even though the site has been issued a construction permit.

Prior to 1979, disposal of waste was governed by the garbage and refuse disposal act, MCL 325.291 et seq.; MSA 14.435(1) et seq., which essentially provided merely that "disposal areas" be licensed to operate. With the enactment of the Solid Waste Management Act in 1978 came a substantial overhaul of the laws surrounding waste disposal, including the above-noted requirements for local planning and DNR approval of such plans, along with state licensing of construction and operation of sites. A reading of the act makes it apparent that the Legislature was cognizant of the vast changes it was making in the governance of waste disposal. MCL 299.414(2); MSA 13.29(14)(2), for example, provides that the DNR may issue a timetable to bring an operating facility in compliance with the act within a reasonable time. New facilities, on the other hand, must comply with the act and must be consistent with the county plan in order to be issued an operating license:

> The director shall not issue a license for the development or operation of a new solid waste disposal area or resource recovery facility in a plan area unless the facility complies with and is consistent with an approved solid waste management plan. [MCL 299.430(3); MSA 13.29(30)(3).]

Thus, in enacting the act the Legislature protected the rights of previously existing facilities and facilities licensed to operate in the interim period where no approved county solid waste manage-

ment plan is in effect, but required "new" facilities to comply with the county plans.

The issue, then, is whether plaintiff's site is a "new" facility. If, notwithstanding its construction permit, plaintiff's proposed Huron Township site is considered a "new" solid waste disposal area, the act prohibits the issuance of an operating license because the site is not included in the Wayne County solid waste management plan. 1982 AACS, R 299.4104(c) defines "new facility" as follows:

> [A] disposal area that is proposed for construction or an expansion, enlargement, or alteration of an existing disposal area beyond the horizontal or vertical boundaries indicated in the construction permit or on engineering plans approved before January 11, 1979.

Here, it appears from the record that plaintiff has not yet begun construction of its proposed facility. In our opinion, the mere existence of a construction permit without some actual construction does not remove plaintiff's proposed site from the "new facility" definition in the rule. We find unpersuasive plaintiff's claim that the hydrogeological studies, environmental assessments, engineering plans, and other activities constitute development of the disposal area in accord with the construction permit. These activities were undertaken prior to plaintiff's application for a construction permit, and for the purpose of obtaining the permit. They thus must be considered antecedents to construction rather than actual site development.

Plaintiff attempts to support its position that it must be included in the Wayne County waste management plan by referring to an interpretative statement issued by the DNR in 1981 and rescinded

in February, 1983. We agree with the trial court that reliance upon this statement is insufficient to warrant declaratory relief. Moreover, we find unpersuasive plaintiff's assertion that the interpretive statement has been ratified by legislative acquiescence. Interpretive statements are not subject to notice and publication requirements under the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* It cannot reasonably be presumed that the Legislature was aware of and acquiesced to the statement.

Finally, we reject plaintiff's contention that its construction permit created a constitutionally protected property interest and that the DNR's approval of Wayne County's waste management plan amounted to a revocation of the permit without due process. Under the act, MCL 299.412(2); MSA 13.29(12)(2), a construction permit automatically expires after one year from the date of issuance if no construction is undertaken. This indicates that any property rights associated with a construction permit do not vest until construction is undertaken in reliance upon the permit. Here, plaintiff did not make any expenditures in reliance on the construction permit until after it was on notice that a construction permit would not guarantee an operating permit. Accordingly, plaintiff has no vested right in its construction permit and no due process violation has occurred.

Affirmed.